IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD OTTO HANSEN,<br><br>              Plaintiff,<br><br>vs.<br><br>JAMES W. KEIFER, in his individual capacity and, in his official capacity as a Board Member of the Nuckolls County Board of Commissioners of Nuckolls County, Nebraska,<br><br>              Defendant. | **8:20CV373**<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

      Plaintiff complains that Defendant James Keifer, a member of the Nuckolls County Board of Commissioners, failed to send Plaintiff an application for county general assistance under Neb. Rev. Stat. § 68-104, *et seq.* (Westlaw 2021), in order to secure funds to fix nuisances on his property such as weeds and structures that are in disrepair and need to be demolished, according to a letter from the City of Superior ordering Plaintiff to "clear the nuisances" by September 21, 2020. (Filing 1 at CM/ECF p. 19.) Exhibits attached to Plaintiff's Complaint indicate that Plaintiff requested an application for county general assistance from Keifer and others by email dated August 25, 2020. The same day, Amanda Benz sent Plaintiff's request

to the Community Service Coordinator for the City of Superior, Ashlei Roesti. (Filing 1 at CM/ECF pp. 22-23.) The next morning, Roesti told Plaintiff by email that the Community Action Center is not in charge of county general assistance funding, but she contacted "the courthouse to see if I can give you the email of who handles that." (Filing 1 at CM/ECF p. 25.) Later that same day, Plaintiff emailed Keifer and others demanding that Keifer "inform the person, place or thing that provides applicants with applications to apply for NUCKOLLS COUNTY GENERAL ASSISTANCE." (Filing 1 at CM/ECF p. 28.)

Plaintiff claims that the fact that he did not receive an application for county general assistance violated his right to due process. He requests declaratory, injunctive, and monetary relief. (Filing 1 at CM/ECF p. 16.)

The court takes judicial notice that Plaintiff has filed three earlier actions in this court challenging the constitutionality of the City's decisions related to nuisances on his property.[1] In the first case, the Plaintiff sought to obtain an injunction against the enforcement of the City's nuisance-abatement ordinance. (*See* Case No. 4:13CV3098, Filing 1.) This court abstained from exercising jurisdiction under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the case without prejudice. *See Hansen v. City of Superior*, No. 4:13CV3098, 2013 WL 4500694 (D. Neb. Aug. 21, 2013).

In the second case, Plaintiff complained on due-process grounds that the city council had declared his property a nuisance on May 27, 2014, and that the city would abate the nuisance unless the property was cleared by June 22, 2014. (*See* Case No. 4:14CV3137, Filing 1.) This court again abstained from exercising jurisdiction over Plaintiff's claims for injunctive and declaratory relief under

---

[1] The court can sua sponte take judicial notice of its own records and files and of facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

2

*Younger*, but on its own motion granted Plaintiff leave to file an amended complaint to state an actionable § 1983 due-process claim for monetary relief. *See Hansen v. City of Superior*, No. 4:14CV3137, 2014 WL 4659397 (D. Neb. Sept. 17, 2014). The case was dismissed without prejudice on December 3, 2014, after Plaintiff failed to file an amended complaint. (See Case No. 4:14CV3137, Filing 9.)

In the third case, *Hansen v. City of Superior, Nebraska*, No. 8:20CV63, 2020 WL 4922196 (D. Neb. Aug. 21, 2020), Plaintiff again complained about the constitutionality of nuisance-abatement proceedings brought against his property by the city. After granting Plaintiff two 60-day extensions of time within which to file an amended complaint—which he failed to do—the court dismissed the case without prejudice for failure to prosecute it diligently and for failure to comply with the court's orders. (See Case No. 8:20CV63, Filing 14.)

## II. DISCUSSION

The basis of Plaintiff's Complaint is that he did not receive a form—within a mere two days of his request—that would enable him to apply for county funds that could be used to remove nuisances from his property which, if not done, would subject Plaintiff to city nuisance proceedings. (Filing 1 at CM/ECF p. 19.) Plaintiff's Complaint suggests a due-process claim.

The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving "any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. "This clause has two components: the procedural due process and the substantive due process components." *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (en banc) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)).

"The Supreme Court mandates a two-step analysis for procedural due-process claims: 'We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the

3

State were constitutionally sufficient.'" *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). A plaintiff is entitled to due process only when a protected property or liberty interest is at stake. *See Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999). "Generally, 'due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner.'" *Booker v. City of Saint Paul*, 762 F.3d 730, 734 (8th Cir. 2014) (quoting *Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994)).

Here, Plaintiff fails to state a procedural-due-process claim because his allegations do not indicate that he has been deprived of his property; rather, the City of Superior has merely advised him to "clear [the] nuisances" thereon. (Filing 1 at CM/ECF p. 19.) In the absence of actual property deprivation, the court obviously cannot determine whether Plaintiff was heard in a timely and meaningful fashion in conjunction with that deprivation.

Plaintiff also fails to state a substantive-due-process claim.

> To demonstrate the government violated a person's substantive-due-process rights, the claimant must show evidence of "a constitutionally protected property interest and that [governmental] officials used their power in such an arbitrary and oppressive way that it 'shocks the conscience.'" *Entergy, Ark., Inc. v. Nebraska*, 241 F.3d 979, 991 (8th Cir. 2001) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998)). In doing so, the claimant must show "more than that the government decision was arbitrary, capricious, or in violation of state law." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992). Rather, the allegations must demonstrate, in part, a "truly irrational" governmental action . . . . *Id.* . . . . "[T]he theory of substantive due process," we have noted, "is properly reserved for truly egregious and extraordinary cases." *Chesterfield Dev. Corp.*, 963 F.2d at 1105. Such a case must be so abusive as to be "offensive to human dignity." *See New v. City of Minneapolis*, 792 F.2d 724, 726 (8th Cir. 1986).

*Azam v. City of Columbia Heights*, 865 F.3d 980, 986 (8th Cir. 2017).

Again, Plaintiff does not allege that an actual property deprivation has occurred, much less that such a deprivation occurred in an arbitrary and oppressive way that shocks the conscience. To the contrary, cities and villages in Nebraska have the "power and authority by ordinance to define, regulate, suppress and prevent nuisances, and to declare what shall constitute a nuisance, and to abate and remove the same." Neb. Rev. Stat. § 18-1720 (Westlaw 2021). If an owner of property within a city refuses to comply with a city notice to remove a public nuisance, the city may abate the nuisance, including collecting the cost of such abatement from the property owner and enforcing collection of the cost "by civil action in any court of competent jurisdiction." *See* Neb. Rev. Stat. § 18-1722 (Westlaw 2021). There is no allegation here that the City of Superior, or the Defendant individually, acted beyond their statutory responsibilities in an abusive fashion that could be characterized as offensive to human dignity.

### III. CONCLUSION

Plaintiff's Complaint fails to state a due-process claim because no property deprivation has yet taken place. Therefore, this case will be dismissed without prejudice.

The court adds a note of caution to Plaintiff. As described above, this is the fourth lawsuit Plaintiff has filed regarding the same issue. While Plaintiff has a right to access the courts, his right of access cannot be unlimited in the face of abuse. As set forth by the Eighth Circuit Court of Appeals:

> The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the

5

efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice. . . . Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988); *see also Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts.").

The court warns Plaintiff that if he files additional lawsuits regarding the same property and the same nuisance proceedings, the court may consider imposing measures limiting the frequency in which Plaintiff may file lawsuits in this court.

IT IS ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted.

6

2. Judgment shall be entered by separate document.

DATED this 1st day of February, 2021.

                                                    BY THE COURT:

                                                    *Richard G. Kopf*

                                                  Richard G. Kopf
                                                  Senior United States District Judge